THE STATE *ex rel.* MALLINCKRODT v. McGRATH, *Secretary of State.*

1.   Corporation: CORPORATE NAME. A family name not conjoined with a christian name is not "the name of a person" within the meaning of the statute which makes the word "company" or "corporation" an essential part of the name of every corporation assuming the name of a person or firm. R. S. 1879, ? 762. Hence, the .

name "*Mallinckrodt* Chemical Works" does not come within the statutory requirement.

2. ——·' The object of the statute is to prevent corporations from conducting business in the names of firms and individuals, thereby misleading the public into the belief that they are dealing with individuals and are entitled to the protection offered by their personal liability.

### *Mandamus.*

PEREMPTORY WRIT AWARDED.

*Marshall & Barclay* for relators, cited *Zimmerman v. Erhard*, 83 N. Y. 74; *s. c.*, 38 Am. Rep. 396.

*M. K. McGrath pro se.*

HOUGH, J.—This is an application for a writ of mandamus to compel the Secretary of State to issue a certificate of incorporation to an association of persons who have assumed the name of " Mallinckrodt Chemical Works." The Secretary of State submits the case upon the facts stated in the petition of the relator, and thereby concedes that the articles of association are in proper form, and duly acknowledged; that the incorporation tax has been paid into the State treasury, and that he declines to issue a certificate of incorporation solely for the reason that the name assumed does not confórm to the requirements of section 762 of the Revised Statutes. The material portions of that section are as follows: " No. certificate of its incorporation * * shall be issued by the Secretary of State to any company or association * * where the corporate name and style assumed is the name of a person or a firm, unless there be joined thereto some word designating the business to be carried on, followed by the word "company" or "corporation."

We are of opinion that the corporate name " Mallinckrodt Chemical Works" does not come within the inhibition of the foregoing section. It contains neither the

name of a person nor the name of a firm. The law supposes every person to be designated by two names, one a family name, and the other the name given to him at his baptism, and denominated his christian name. *Frank v. Levi*, 5 Robt. 599; Bac. Abr., vol. 7, p. 7. The family name is that portion of the name of an individual which is employed by him in common with other members of his family, and, therefore, fails to designate any particular individual. "Mallinckrodt" is a family name, and not the name of " a person " or individual, and need not, therefore, be followed by the word "company" or "corporation."

The object of the statute in question, undoubtedly was to prevent corporations from conducting business in firm names and in the names of individuals, thereby misleading the public into the belief that they are dealing with individuals, and are entitled to the protection afforded by their personal liability. The name assumed in the case before us, contravenes neither the letter nor the spirit of the statute. The peremptory writ will be awarded. The other judges concur, except NORTON, J., who is absent.